**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JAMES BROWN, | : |
| Petitioner, | : Civil Action No. 14-5241(NLH) |
| v. | : **OPINION** |
| JORDAN HOLLINGSWORTH, Warden, | : |
| Respondent. | : |

**APPEARANCES**

James Brown
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640
    Petitioner pro se

Paul A. Blaine
Office of the U.S. Attorney
Camden Federal Bldg. and U.S. Courthouse
401 Market Street
4th Floor
Camden, NJ  08101
    Counsel for Respondent

**HILLMAN,** District Judge

    Petitioner James Brown, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a Petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241[1] and an application for leave to proceed in forma pauperis.[2]  Because it appears from a review of the Petition that this Court lacks jurisdiction, in habeas, to consider Petitioner's claims, the Petition will be dismissed. See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner asserts that he ordered some photographs from a publisher outside of prison which the Fort Dix mailroom staff rejected due to their allegedly sexually explicit nature. Petitioner alleges that he has exhausted his administrative remedies to challenge this decision.

Petitioner desires to reorder the photographs and he seeks an order directing the Bureau of Prisons to produce this material to the Court so that the Court can determine whether the material meets the standards set forth in Bureau of Prisons guidelines.

---

[1] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. ...
> (c) The writ of habeas corpus shall not extend to a prisoner unless -- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Petitioner's application for leave to proceed in forma pauperis is complete and this Court will grant the application.

2

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition must be construed liberally.  See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Denny v. Schultz, 708 F.3d 140, 148 n.3 (3d Cir. 2013).  See also 28 U.S.C. §§ 2243, 2255.

III.  ANALYSIS

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards

3

v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991), and cases cited therein.  See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237, 243 (3d Cir. 2005) (finding that a challenge to regulations limited pre-release transfer to community corrections centers was properly brought in habeas, because community confinement is "'qualitatively different from confinement in a traditional prison'" (citation omitted)).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (entertaining challenge to Bureau of Prisons refusal to consider prisoner's request that state prison be designated place for service of federal sentence, in order that state and federal sentences could run concurrently).  See also George v. Longley, 463 F.App'x 136 (3d Cir. 2012) (citing Coady and Barden).

4

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. Therefore, to the extent a prisoner challenges only his conditions of confinement, such claims must be raised by way of a civil rights action.

> [W]henever the challenge ultimately attacks the "core of habeas" -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). See also Bonadonna v. United States, 446 F.App'x 407 (3d Cir. 2011) (holding that District Court properly dismissed a § 2241 petition for lack of jurisdiction where petitioner's allegation of deficient medical care does not "'spell speedier release,'" and thus does not lie at "'the core of habeas corpus.'" (citations omitted)).

Here, Petitioner's challenges regarding alleged violations of his right to order and receive certain photographs from a vendor outside the prison go only to the conditions of his confinement. Accordingly, this Court lacks jurisdiction in habeas to consider Petitioner's claims. See, e.g., Izac v. Norwood, Civil No. 10-4744, 2010 WL 3810216, *2 (D.N.J. Sept. 23, 2010).

5

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice to Petitioner raising his claims in a new and separate civil rights action.  This Court expresses no opinion as to the merits of Petitioner's claims.  An appropriate order follows.


At Camden, New Jersey                          s/Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated:  August 28, 2014